# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID LANDAU,<br><br>    Plaintiff,<br><br>  vs.<br><br>W.T. VOSS, et al.,<br><br>    Defendants. | CASE NO. 1:07-cv-00815 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT VOSS FROM ACTION<br><br>(Doc. 23) |

Plaintiff Sid Landau ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed on June 4, 2007. (Doc. 1.) On April 11, 2008, the court directed the United States Marshal to initiate service on nine defendants. (Doc. 14). However, the Marshal was unable to locate and serve defendant Voss, and on February 12, 2009 the Marshal returned the USM-285 form to the court, indicating that the address provided by plaintiff for defendant Voss is no longer accurate, and there is no forwarding address available. (Doc. 22.) On February 18, 2009, the Court ordered plaintiff to show cause within thirty days why defendant Voss should not be dismissed from this action. (Doc. 23.) Plaintiff filed a response on March 4, 2009. (Doc. 25).

///
///
///

1

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In response to the order to show cause, Plaintiff states that defendant Voss is now retired. Plaintiff states that he has located two potential addresses for defendant Voss, but is himself unsure if either is accurate. Plaintiff states that the United States Marshal should contact the Department of Corrections and Rehabilitation ("CDCR") despite the fact that defendant Voss is not a part of CDCR. Plaintiff argues that the State of California should have defendant Voss' contact information if he is receiving a pension and that service upon counsel for the remaining defendants, at the Attorney General's Office, is therefore appropriate because the State is attempting to evade service.[1] Alternatively, Plaintiff requests that the Court order service on either the Attorney General of the State of California or the Litigation Coordinator at Coalinga State Hospital ("CSH") pursuant to Fed. R. Civ.

---

[1] The State of California is not a party in this action.

2

Pro. 4(e)(2)(C).

The Court will not order the United States Marshal to re-attempt service upon defendant Voss at this time. Plaintiff concedes that he cannot provide an accurate address for service. Plaintiff's further argument that the United States Marshal should contact CDCR, when defendant was not an employee of CDCR, is of little assistance.

With respect to Plaintiff's request for service upon either the Attorney General for California or the Litigation Coordinator at CSH, Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure provides that, subject to certain exceptions, an individual may be served in a judicial district of the United States court by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. F.R.C.P. 4(e)(2)(C). An agent authorized "by appointment" is a person appointed by the defendant for the purpose of receiving process on his or her behalf. National Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 313-315, 84 S. Ct. 411, 413-414 (1964).

Plaintiff fails to show that either the Attorney General's Office or the Litigation Coordinator at CSH is authorized by appointment or by law to receive service of process for defendant Voss. The fact that the Attorney General's Office is representing five of the defendants named in this action is insufficient to demonstrate that the Attorney General's office is authorized to accept service for this particular defendant. Further, Plaintiff provides no evidence to support his allegations that defendant Voss is attempting to evade service. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY RECOMMENDED that defendant Voss be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 13, 2009**     **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

3