# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID LANDAU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. T. VOSS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00815-AWI-DLB (PC)<br><br>ORDER DENYING MOTION TO STRIKE PLAINTIFF'S DEPOSITION TESTIMONY<br><br>(Doc. 61) |

　　　　Plaintiff Sid Landau ("Plaintiff") is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On December 17, 2009, Plaintiff filed a motion to strike his deposition testimony taken on July 1, 2009. (Doc. 61.) Defendants filed an opposition on January 4, 2010. (Doc. 66.) Plaintiff did not file a reply. The matter is deemed submitted pursuant to Local Rule 230(l).

　　　　Plaintiff contends that his July 1, 2009 deposition should be stricken because Plaintiff did not have counsel during the deposition. Plaintiff contends that his Aspberger's Syndrome and old age led to Plaintiff giving misleading and unreliable testimony. Plaintiff also contends that he did not have his files of the case present with him during the deposition. (Doc. 61, Mot. To Strike 1-4.)

　　　　Defendants contend that age is not a basis for striking deposition testimony. Defendants also contend that Plaintiff has not offered any evidence that he suffers from Aspberger's Syndrome, or that Aspberger's Syndrome negatively affected his ability to testify truthfully or accurately at his deposition. Defendants also contend that Plaintiff's own deposition testimony

1

1  contradicts Plaintiff's statement that he did not have his documents pertaining to the case
2  present.  (Doc. 66, Defs.' Opp'n, Exh. A.)

3  Pursuant to Federal Rule of Civil Procedure 30(e), a deponent is allowed 30 days after
4  being notified by the appointed officer that the transcript or recording is available in which to
5  review the transcript or recording, and if there are changes in form or substance, to sign a
6  statement listing the changes and the reasons for making them.  Plaintiff had an opportunity to
7  correct any errors in his deposition.  Plaintiff raises issues with his deposition well after the time
8  period listed in the Federal Rules of Civil Procedure had elapsed.

9  Plaintiff had previously requested appointment of counsel, which the Court denied.  The
10  Court found that Plaintiff did not meet the requirements for appointment of counsel.  The Court
11  again finds that Plaintiff's request for appointment of counsel should be denied.  Plaintiff does
12  not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d
13  1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff
14  pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern
15  District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  However, in certain
16  exceptional circumstances the court may request the voluntary assistance of counsel pursuant to
17  section 1915(e)(1).  Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances
18  exist, the district court  must evaluate both the likelihood of success of the merits [and] the
19  ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal
20  issues involved." Id. (internal quotation marks and citations omitted). Without a reasonable
21  method of securing and compensating counsel, the Court will seek volunteer counsel only in the
22  most serious and exceptional cases. The claims raised in Plaintiff's action are not so complex
23  and extraordinary that they require the appointment of counsel.

24  Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to strike his
25  deposition testimony, filed on December 17, 2009, is DENIED.

26  IT IS SO ORDERED.

27  Dated:   **March 29, 2010**                    **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE
28