1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9  SID LANDAU,                                    CASE NO. 1:07-CV-00815-AWI-DLB PC

10                        Plaintiff,              ORDER DIRECTING CLERK OF COURT
                                                  TO ENTER DEFAULT AGAINST
11        v.                                      DEFENDANT WENDY ALLEN (DOC. 81)

12  W. T. VOSS, et al.,                           ORDER DENYING PLAINTIFF'S MOTION
                                                  FOR ENTRY OF DEFAULT JUDGMENT
13                        Defendants.             WITHOUT PREJUDICE (DOC. 82)

14  _____/

15

16        Plaintiff Sid Landau ("Plaintiff") is a civil detainee in the custody of the California

17  Department of Mental Health.  Plaintiff is proceeding pro se and in forma pauperis in this civil

18  rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Wendy

19  Allen, James Forrest, and Leo Adcock.

20        Pending before the Court are: 1) Plaintiff's request for entry of default against Defendant

21  Allen, filed September 17, 2010; and 2) Plaintiff's motion for entry of default judgment, filed

22  September 17, 2010.

23  **I.    Entry Of Default**

24        On September 17, 2010, Plaintiff filed a request for entry of default against Defendant

25  Wendy Allen.  A review of the court docket indicates that Defendant Allen was served with the

26  complaint and summons, and returned a waiver of service on March 24, 2009.  (Doc. 28.)  As of

27  the date of this order, Defendant Allen has not answered or otherwise responded to Plaintiff's

28  complaint.  Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against a

1

1  judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

2  is shown by affidavit or otherwise, the clerk must enter the party's default." Accordingly, the

3  Clerk of Court is directed to enter default against Defendant Allen.

4  **II.    Motion For Entry Of Default Judgment**

5      Plaintiff also requests entry of default judgment against Defendant Allen.  Plaintiff's

6  complaint requested as relief damages in the amount of $5,000,000 compensatory damages, and

7  $15,000,000 in punitive damages, as well as an award of costs.[1]

8      Plaintiff may not simply demand that the Court order Defendant to pay the relief he

9  requested in his complaint.  Plaintiff must submit evidence in support of the amount of damages

10 claimed.  *See* Fed. R. Civ. P. 55(b).   Because Plaintiff has submitted no evidence in support of

11 this demand, the Court must deny Plaintiff's request for entry of default judgment without

12 prejudice.  Accordingly, Plaintiff's request for entry of default judgment is denied.

13

14      IT IS SO ORDERED.

15    Dated:  __**October 1, 2010**__         _____**/s/ Dennis L. Beck**_____
                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27
_____

28
      [1]  Plaintiff's request for reasonably attorney fees pursuant to 42 U.S.C. § 1988 is denied.  Pro se litigants are not entitled to an award of attorney's fees.  *Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).