# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID LANDAU, | CASE NO. 1:07-CV-00815-AWI-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT ALLEN'S MOTION TO SET ASIDE ENTRY OF DEFAULT |
| v. | |
| W. T. VOSS, et al., | (DOC. 86) |
| Defendants. | |

Plaintiff Sid Landau ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2010, the Clerk's Office was directed to enter default against defendant Wendy Allen. Docs. 83, 84. On October 26, 2010 Defendant Allen moved to set aside the entry of default. Doc. 86. No opposition was filed by Plaintiff. The matter is submitted pursuant to Local Rule 230(l).

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" *Mendoza*, 783 F.2d at 945-46

1  (quoting *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and
2  citation omitted)); *see United States v. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) ("Judgment
3  by default is a drastic step appropriate only in extreme circumstances; a case should, whenever
4  possible, be decided on the merits.") (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).
5  In determining whether to set aside default, relevant factors including the culpability of
6  defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be
7  considered.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001);  *American
8  Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

On March 24, 2009, Defendant Allen returned a waiver of service of summons.  Doc. 28. Defendant then failed to file any response until her present motion.  Defendant Allen contends that she was ignorant of the requirements for filing an answer, and did not intentionally fail to answer.  Def.'s Mot. 3:12-24.  Defendant Allen contends that she has a meritorious defense as her actions were reasonable and did not violate any established rights.  *Id.* at 4:27-5:3.  Defendant Allen also contends that the prejudice to Plaintiff will be minimal, as Plaintiff has had his similar claims dismissed as against five other Defendants.  *Id.* at 5:6-10.

Having considered Defendant Allen's arguments, the Court finds good cause to set aside the entry of default pursuant to Rule 55(c).  Accordingly, based on the foregoing, it is HEREBY ORDERED that Defendant Allen's motion to set aside entry of default is GRANTED. Defendant Allen is granted twenty (20) days from the date of service of this order in which to file her answer to Plaintiff's complaint.

IT IS SO ORDERED.

Dated:   **December 13, 2010**          **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE