# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID LANDAU,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>W. T. VOSS, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-CV-00815-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT ALLEN'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(DOC. 96)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings and Recommendations**

**I.　　Background**

Plaintiff Sid Landau ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health ("CDMH"), detained pursuant to the Sexually Violent Predator Act ("SVPA"). Cal. Welf. & Inst. Code § 6600. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed June 4, 2007, against Defendants James Forrest, Leo Adcock, and Wendy Allen.[1] On April 14, 2011, Defendant Wendy Allen filed a motion for summary judgment. Def.'s Mot. Summ. J., Doc. 96. On September 8, 2011, Plaintiff filed his opposition. Pl.'s Opp'n, Docs. 101, 102, 103. On September 14, 2011, Defendant Allen filed her reply. Def.'s Reply, Doc. 104. The matter is deemed submitted pursuant to Local Rule 230(l).

---

[1] Defendants Weinstein, Bresler, Winchell, and Kaur were dismissed from this action for failure to state a claim. Plaintiff's claims against Defendants Adcock and Forrest for excessive force in violation of the Fourteenth Amendment remain.

1

II.  **Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec.*

*Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

///
///
///
///

### III. Statement Of Facts[2]

At all relevant times, Plaintiff is civilly committed at Coalinga State Hospital ("CSH"). Compl. ¶ 5. Defendant Allen was a registered nurse employed by CSH. Allen Decl. ¶ 1. On December 11, 2006, Plaintiff was assaulted by another mental patient named John Doe. Compl. ¶¶ 20, 21. Plaintiff went to complain to the nurse staff about John Doe for allegedly staring at Plaintiff in the bathroom. *Id.* John Doe snuck up behind Plaintiff, hit him, and broke his left arm. Compl. ¶ 24. On the day of the assault, Defendant Allen was working on Unit MA2. *Id.* ¶ 6. She was summoned by a red light alert for Unit MA2 at approximately 10:30 p.m. *Id.* Defendant Allen ran to Unit MA2 and observed Plaintiff on the floor in the common area near the nurse's station, holding his left arm. *Id.* Plaintiff was being assisted by Psychiatric Technician Kurt Stephen when she arrived. *Id.* Defendant Allen was not present at the time of the assault on Plaintiff and did not witness it. *Id.* Plaintiff admitted that he did not know if Defendant Allen was present during the assault. Pl.'s Dep. 15:11-17, Jan. 19, 2011.

---

[2] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff does not comply with Rule 260(b).

Plaintiff's verified complaint may also be treated as an opposing affidavit to the extent that it is verified and sets forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving the parties' motion for summary judgment. Plaintiff's opposition includes a statement of disputed facts with citations to supporting documents.

Plaintiff's opposition includes a statement of undisputed facts with citations to supporting documents, namely his complaint and attached declaration. Doc. 102. Defendant does not dispute Plaintiff's undisputed facts Nos. 1 through 3. Def.'s Reply 2:6. However, Defendant disputes Plaintiff's remaining undisputed facts as stating only ultimate facts (Nos. 4, 5, and 8), inadmissible hearsay (No. 6), speculative and lacks foundation (Nos. 7, 9), not based on personal knowledge (No. 10), or a conclusion of law (No. 11). *Id.* at 2:8-3:9. The Court agrees with Defendant's arguments. Plaintiff's "undisputed statement of facts" provides no evidentiary dispute with Defendant's statement of facts.

4

1  Defendant Allen immediately started assessing Plaintiff's condition upon arrival to the
2 Unit MA2. Allen Decl. ¶ 7. Plaintiff's left arm was broken, and Defendant Allen began
3 attending to Plaintiff's arm. *Id.* Defendant Allen immobilized Plaintiff's arm with a wrap and
4 ice. *Id.* Defendant Allen and Kurt Stephen assisted Plaintiff to the emergency room for further
5 evaluation. *Id.* Plaintiff was treated and escorted to the emergency room within 15 minutes of
6 Defendant Allen's arrival to Unit MA2. *Id.*

7  Plaintiff was examined by Dr. Dang while in the emergency room. *Id.* ¶ 8. Defendant
8 Allen gave Plaintiff a Demerol injection for pain as instructed by Dr. Dang. *Id.* Plaintiff
9 communicated comfort after receiving the Demerol injection. *Id.* Dr. Dang ordered Plaintiff to
10 be transported to the hospital for treatment of his broken arm. *Id.*

11  Defendant Allen observed Plaintiff being prepared for transportation to the hospital by
12 the correctional officers and paramedics. *Id.* Defendant Allen is trained to use professional
13 discretion and to assert the standard of care reasonably expected and consistent within
14 community standards as well as CSH policies and procedures. *Id.* ¶ 9. Defendant Allen has
15 never intentionally failed to provide psychiatric and/or medical treatment to Plaintiff. *Id.* ¶ 10.
16 Defendant Allen has never failed to protect Plaintiff. *Id.*

17 **IV.   <u>Analysis</u>**

18  Plaintiff's claim against Defendant Allen is for failing to protect him from harm by
19 patient John Doe. Defendant Allen contends that the undisputed facts and supporting evidence
20 demonstrate that Defendant Allen acted appropriately, and did not violate Plaintiff's Fourteenth
21 Amendment rights.

22  **A.   Failure To Protect**

23  Civilly detained persons must be afforded "more considerate treatment and conditions of
24 confinement than criminals whose conditions of confinement are designed to punish," and are
25 thus entitled to protection under the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S.
26 307, 322 (1982); *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004). Plaintiff's right to be
27 protected and confined in a safe institution are clearly established. *See Youngberg*, 457 U.S. at
28 319-22 (finding that involuntarily committed individuals have constitutionally protected rights

1  under Due Process Clause to reasonably safe conditions of confinement and freedom from
2  unreasonable bodily restraint).  Due process requires that civil detainees receive care that is
3  professionally acceptable.  *Id.* at 321.  "Liability may be imposed only when the decision by the
4  professional is such a substantial departure from accepted professional judgment, practice, or
5  standards as to demonstrate that the person responsible actually did not base the decision on such
6  a judgment."  *Id.* at 323.

7  Here, Defendant Allen contends that there is no genuine dispute of material fact as to
8  Plaintiff's claims against Defendant Allen.  Defendant contends that the assault on Plaintiff by
9  John Doe occurred unexpectedly.  Def.'s Mem. P. & A. 6:17-20.  Plaintiff contends that John
10 Doe was well-known by mental health staff at CSH, including Defendant Allen, as an individual
11 with violent propensities, and known to spit out his medication.  Plaintiff cites to conversations
12 with a psychiatric technician named Bonnie Simpson and other staff members to that effect.  Pl.'s
13 Decl. ¶¶ 7, 10, Doc. 103.  However, such facts would be inadmissible hearsay evidence.  Fed. R.
14 Evid. 801, 802.  Plaintiff does not provide any other affidavits or supporting documents.

15 Based on the undisputed facts presented in the light most favorable to the nonmoving
16 party, there is no genuine dispute of material fact as to Plaintiff's claims against Defendant Allen.
17 There is no evidence to demonstrate that Defendant Allen acted in a manner that was not within
18 accepted professional judgment.  *Youngberg*, 457 U.S. at 323.  She was summoned to the scene
19 after Plaintiff had been assaulted, provided treatment for Plaintiff's broken arm, and supplied
20 pain medication.  There is no evidence to indicate that she was aware of any prior violent
21 behavior by John Doe to staff members or other patients.  Accordingly, summary judgment
22 should be granted in favor of Defendant Allen and against Plaintiff.[3]

---

[3] Plaintiff contends that he is entitled to Eighth Amendment protections rather than Fourteenth Amendment protections.  Pl.'s Opp'n 5-8.  The Eighth Amendment, which applies to those incarcerated as prisoners, provides less protections than the Fourteenth Amendment does for civil detainees.  *Youngberg*, 457 U.S. at 321-22; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243 (9th Cir. 2010) (citing *Youngberg* as appropriate standard for civilly committed).  Even if the Court had applied the standard of the Eighth Amendment, Defendant Allen is still entitled to summary judgment, as Plaintiff has failed to raise a genuine dispute of material fact as to whether Defendant Allen knew of and disregarded an excessive risk of serious

**B.     Qualified Immunity**

Because the Court finds that summary judgment should be granted in favor of Defendant Allen, the Court does not reach Defendant's arguments regarding qualified immunity.

**V.     Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that

1. Defendant Allen's motion for summary judgment, filed April 15, 2011, should be granted;

2. Summary judgment be granted in favor of Defendant Allen and against Plaintiff; and

3. Defendant Allen be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **November 8, 2011**              /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

harm to Plaintiff's safety.  *Farmer v. Brennan*, 511 U.S. 824, 834, 837 (1994).