1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  SID LANDAU,                                    1:07-cv-00815-AWI DLB PC

10              Plaintiff,                         **SECOND SCHEDULING ORDER**

11     v.                                          **ORDER REQUIRING PARTIES TO
                                                   NOTIFY COURT WHETHER THEY
                                                   CONSENT TO MAGISTRATE JUDGE
12  JAMES FORREST, et al.,                         JURISDICTION WITHIN THIRTY DAYS**

13              Defendants.                        **ORDER DIRECTING CLERK'S OFFICE
                                                   TO SEND CONSENT FORMS TO PARTIES**
14

15                                                 Telephonic Trial Confirmation
                                                   Hearing:        September 4, 2012, at 3:00 p.m. in
16                                                                  Courtroom 2 (AWI)

17                                                 Jury Trial:     October 16, 2012, at 8:30 a.m. in
18  _____/                            Courtroom 2 (AWI)

19         Plaintiff Sid Landau ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis

20  in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants

21  James Forrest and Leo Adcock for excessive force in violation of the Fourteenth Amendment.

22  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will, by this order, set a

23  further schedule for this litigation.

24         The parties are required to file pre-trial statements in accordance with the schedule set forth

25  herein.  In addition to the matters already required to be addressed in the pre-trial statement in

26  accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order

27  to obtain the attendance of witnesses.  The procedures and requirements for making such a showing

28  are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth

1

below may result in the preclusion of any and all witnesses named in his pre-trial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1.    <u>Procedures for Obtaining Attendance of Civilly Detained Witnesses Who Agree to Testify Voluntarily</u>  - A civilly detained witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the custodian to permit the witness to be transported to court.  The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file <u>concurrent with the pre-trial statement</u> a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Civilly Detained Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two

2

ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's room and, at the time, Plaintiff saw that a civil detainee was present and observed the incident, Plaintiff may swear to the civil detainee's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of civilly detained witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of civilly detained witnesses, if any, must be filed on or before August 14, 2012.  Oppositions, if any, must be filed on or before August 28, 2012.**

2.      Procedures for Obtaining Attendance of Civilly Detained Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of civilly detained witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the civilly detained witnesses are not willing to testify voluntarily.

3.      Procedures for Obtaining Attendance of Non-detained Witnesses Who Agree to Testify Voluntarily  -  It is the responsibility of the party who has secured a non-detained witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

4.      Procedures for Obtaining Attendance of Non-detained Witnesses Who Refuse to Testify Voluntarily  -  If a prospective witness is not detained, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party

3

1     seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the

2     case of a non-detained witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus</u>

3     <u>the witness's travel expenses</u>. 28 U.S.C. § 1821.

4         If Plaintiff wishes to obtain the attendance of one or more non-detained witnesses who refuse

5     to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each

6     non-detained witness. The Court will calculate the travel expense for each non-detained witness and

7     notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made

8     payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee

9     of $40.00. <u>The subpoena will not be served upon the non-detained witness by the United States</u>

10    <u>Marshal unless the money order is tendered to the Court</u>. Because no statute authorizes the use of

11    public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is

12    required even if the party was granted leave to proceed in forma pauperis.

13         **If Plaintiff wishes to have the Marshal serve any non-detained witnesses who refuse to**

14    **testify voluntarily, Plaintiff must submit the money orders to the Court no later than**

15    **September 4, 2012.** In order to ensure timely submission of the money orders, Plaintiff should

16    notify the Court of the names and locations of his witnesses, in compliance with step one, as soon

17    as possible.

18         The parties are advised that failure to file pre-trial statements as required by this order may

19    result in the imposition of appropriate sanctions, which may include dismissal of the action or entry

20    of default.

21         Finally, the Court shall direct the Clerk's Office to provide the parties with consent/decline

22    forms. Within thirty days from the date of service of this order, the parties shall inform the Court

23    whether they consent to or decline Magistrate Judge jurisdiction by filling out the forms and

24    returning them to the Court.

25         Accordingly, the Court HEREBY ORDERS as follows:

26         1.      This matter is set for telephonic trial confirmation hearing before the Honorable

27               Anthony Ishii on **September 4, 2012, at 3:00 p.m.** in Courtroom 2;

28         2.      This matter is set for jury trial before the Honorable Anthony Ishii on **October 16,**

**2012, at 8:30 a.m.** in Courtroom 2;

3.   Counsel for Defendant is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5669**;

4.   Plaintiff shall serve and file a pretrial statement as described in this order on or before **August 14, 2012**;

5.   Defendant shall serve and file a pretrial statement as described in this order on or before **August 14, 2012**;

6.   In addition to electronically filing their pretrial statement, Defendant shall e-mail the pretrial statement to: awiorders@caed.uscourts.gov;

7.   If Plaintiff intends to call civilly detained witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of civilly detained witnesses as described in this order on or before **August 14, 2012**;

8.   The opposition to the motion for the attendance of civilly detained witnesses, if any, shall be filed on or before **August 28, 2012**;

9.   If Plaintiff wishes to obtain the attendance of non-detained witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **September 4, 2012**;

10.  The Clerk's Office shall send the parties consent/decline forms; and

11.  Within **thirty (30) days** from the date of service of this order, the parties shall notify the Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the enclosed forms and returning them to the Court.

IT IS SO ORDERED.

Dated:   __June 1, 2012__          _____/s/ **Dennis L. Beck**_____
                                   UNITED STATES MAGISTRATE JUDGE