1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9

10 SID LANDAU,

11            Plaintiff,

12      v.

13 W.T. VOSS, et al.,

14            Defendants.

15 _____/

Case No.  1:07-cv-00815-AWI-DLB PC

**PRETRIAL ORDER**

**Telephonic Hearing:**
March 18, 2014 at 3:00, at 3:00 p.m. in
Courtroom 2 (AWI)

**Jury Trial:** March 18, 2014, at 8:30 a.m. in
Courtroom 2 (AWI)

16

17       Plaintiff Sid Landau ("Plaintiff") is a civil detainee proceeding pro se and in forma

18 pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against

19 Defendants James Forrest and Leo Adcock for excessive force in violation of the Fourteenth

20 Amendment.  Plaintiff's claim arises out of Defendants' alleged use of excessive force while he

21 was at Coalinga State Hospital ("CSP") on December 15, 2006 when they forcibly removed him

22 from a latrine.[1] The parties have submitted pretrial statements.  Having reviewed the statements

23 and the remainder of the file, the Court now issues the following pretrial order consistent with the

24 discussion held at the telephonic pretrial conference on February 10, 2014.

25 **I.         Jurisdiction and Venue**

26       The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. §

27

28 [1] On August 25, 2010, the Court dismissed  the failure to protect claim against Defendants Weinstein, Bresler, and Kaur and dismissed the retaliation claim against Defendants Winchell, Kaur, Adcock, and Forrest.  (ECF No. 75.)

1331.  Venue is proper because the conduct allegedly occurred in this judicial district.

**II.**           <u>**Jury Trial**</u>

The parties demand a trial by jury.  Fed. R. Civ. P. 38(b).

**III.**          <u>**Facts**</u>

**A.**          <u>**Undisputed Facts**</u>

1.         On December 13, 2006, Plaintiff was moved to Unit 2 of CSP for his own safety because he was recuperating from a broken arm injury.

2.         While on Unit 2, Plaintiff was placed on one-to-one observation for medical and safety reasons.

3.         On December 15, 2006, Leo Adcock and James Forrest, both psychiatric technicians, were working the 11 p.m. -- 7 a.m. shift on Unit 2.

4.         Late evening on December 15, 2006, Plaintiff left his room and went into the inmate bathroom because he claimed there was too much noise in his room;

5.         After a while, other patients started complaining about Plaintiff being in the bathroom, stating he would not leave.

6.          Another patient approached staff asking them to remove Plaintiff from the latrine area.

7.          Shortly thereafter, Defendants Leo Adcock and James Forrest approached Plaintiff and asked him to leave the latrine area as he was not using the facilities. Plaintiff refused.

8.         Defendants Leo Adcock and James Forrest then forcibly escorted Plaintiff back to his room.

**B.**          <u>**Disputed Facts**</u>

1.         Whether Defendants Adcock and Forrest used excessive force when they escorted Plaintiff from the bathroom back to his room.

**C.**          <u>**Disputed Evidentiary Issues**</u>

Defendants anticipate filing motions in limine to exclude 1) all evidence, reference and argument regarding the subject matter and issues previously adjudicated by the Court as a result of Defendants' Motion for Summary Judgment, previously adjudicated on July 14, 2010; 2) Motion to exclude all non-expert/lay, and undisclosed expert, opinion on any area, including but not

2

1   limited to, medical evidence of physical injuries allegedly suffered by Plaintiff; and 3) Motion to

2   exclude impermissible character evidence including, but not limited to, allegations raised by third

3   parties not involved in this case.

4   **D.  Special Factual Information**

5       None.

6   **IV.  Relief Sought**

7       Plaintiff seeks injunctive relief and compensatory and punitive damages.

8       Defendants seek judgment in their favor.

9   **V.  Points of Law**

10      **A.  Section 1983**

11      The Civil Rights Act under which this action was filed provides:

12
13      Every person who, under color of [state law] . . . subjects, or causes to be subjected,
        any citizen of the United States . . . to the deprivation of any rights, privileges, or
        immunities secured by the Constitution . . . shall be liable to the party injured in an
14      action at law, suit in equity, or other proper proceeding for redress.

15  42 U.S.C. § 1983.

16      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional rights

17  by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir

18  2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*,

19  297 F.3d 930, 934 (9th Cir. 2002).  To prevail on his claim, Plaintiff must demonstrate a link

20  between actions or omissions of Defendants and the violation of his Eighth Amendment rights;

21  There is no *respondeat superior* liability under section 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662,

22  676-77, 129 S.Ct. 1937 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

23  Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at

24  934.

25      **B.  Fourteenth Amendment Due Process**

26      The Ninth Circuit has not directly addressed the applicable standard for civil detaniess'

27  excessive force claims.   Reguardless, civil detainees are entitled to the Fourteenth

28  Amendment's protections. *See Seling v. Young*, 531 U.S. 250, 265 (2001) ("[D]ue process

3

1    requires that the conditions and duration of confinement under the [civil confinement act] bear

2    some reasonable relation to the purpose for which persons are committed."); *Jones*, 393 F.3d at

3    933 ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany

4    it."). A civil detainee is entitled to "more considerate treatment" than his criminally detained

5    counterparts. *Jones*, 393 F.3d at 932 (quoting *Youngberg*, 457 U.S. at 321-22). In the context of

6    pretrial detainees, the Fourteenth Amendment requires that pretrial detainees not be subject to

7    conditions that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 536 (1979). "At a bare

8    minimum . . . an individual detained under civil process - like an individual accused but not

9    convicted of a crime - cannot be subject to conditions that "amount to punishment." *Jones*, 393

10   F.3d at 932 (quoting *Bell*, 441 U.S. at 536). Thus, "when a SVPA detainee is confined to

11   conditions identical to, similar to, or more restrictive than, those in which his criminal

12   counterparts are held, [the Court] presume[s] that the detainee is being subjected to punishment."

13   *Id.* (quotations omitted).

14         A claim of excessive force by a pretrial detainee is analyzed under the objective

15   reasonableness standard. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002)

16   (holding use of force is reasonable after careful balancing of the nature and quality of the

17   intrusion on the individual's constitutional interests against the countervailing government

18   interests at stake) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)); *see also Andrews v.*

19   *Neer*, 253 F.3d 1052, 1060-61 (8th Cir. 2001) (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043,

20   1048 (8th Cir. 1989)) (applying objective reasonableness standard in context of civil detainees

21   and finding use of force must be necessarily incident to administrative interests in safety,

22   security, and efficiency). Because civil detainees are afforded due process rights at least on par

23   with pretrial detainees, if not better, objectively unreasonable conduct by Defendants would

24   violate Plaintiff's due process rights.

25              **C.    <u>Punitive Damages</u>**

26         Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a

27   preponderance of the evidence.  Ninth Circuit Model Civil Jury Instructions § 5.5 (2008).  The

28   jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . . involves

4

1  reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461

2  U.S. 30, 56, 103 S.Ct. 1625 (1986).  Acts or omissions which are malicious, wanton, or oppressive

3  support an award of punitive damages.  *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

4  **D.**     **Federal Rules of Evidence**

5       Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony

6  conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that

7  witness's testimony.  Federal Rule of Evidence 404(b) provides that evidence of prior crimes,

8  wrongs, or acts cannot be used to prove the character of the person in order to show conduct in

9  conformity with that character trait.  Such prior acts may be admissible for other purposes only,

10  such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

11  mistake or accident.  *Id.*

12  **VI.**     **Abandoned Issues**

13       None.

14  **VII.**     **Witnesses**

15       **The following is a list of witnesses that the parties expect to call at trial, including**

16  **rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN**

17  **THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE**

18  **OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT**

19  **"MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

20  **A.**     **Plaintiff's Witness List**

21       Plaintiff fails to identify any specific witnesses in his Pretrial Statement and instead,

22  generally names as witnesses "all staff who were present when the Constitutional and Moral

23  Violations occurred."

24       **Plaintiff's general description of witnesses does not suffice to comply with Local Rule**

25  **281(b)(10).** Plaintiff is required to list the specific witnesses they intend to offer at trial. Plaintiff

26  will be permitted to file an amended witness list within ten days from the date of service of this

27  order and the Court will issue an amended pretrial order. **Plaintiff is warned that he will be**

28  **precluded from offering at trial any witness which is not specifically identified within ten**

1    days.

2    **B.      Defendants' Witness List**[2]

3    1.      Leo Adcock, Defendant

4    2.      James Forrest, Defendant

5    3.      Medical/nursing staff (identity not known yet)

6    4.      Custodian of medical records[3]

7    **Defendants' general description of witnesses (e.g, medical/nursing staff) does not**

8    **suffice to comply with Local Rule 281(b)(10).** Defendants are required to list the specific

9    witnesses they intend to offer at trial. Defendants will be permitted to file an amended witness list

10   within ten days from the date of service of this order and the Court will issue an amended pretrial

11   order. **Defendants are warned that they will be precluded from offering at trial any witness**

12   **which is not specifically identified within ten days.**

13   **VIII.      Exhibits**

14   **The following is a list of documents or other exhibits that the parties expect to offer at**

15   **trial.   NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE**

16   **ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS**

17   **ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."   Fed. R.**

18   **Civ. P. 16(e); Local Rule 281(b)(11).**

19   **A.      Plaintiff's Exhibits**

20   None.

21   **B.      Defendants' Exhibits**

22   None.

23

24

25   [2] Defendants are not required to call all of the witnesses they listed.  However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on March 18, 2014, by 9:30 a.m. and shall be

26   available for Plaintiff to call for direct examination.

27   [3] Defendants may have the custodian of records authenticate the documents by written declaration to avoid undue expense, if they are willing to stipulate to the authenticity of any CDCR documents from Plaintiff's central and

28   medical files that Plaintiff intends to offer at trial.  If they are unwilling to stipulate, the custodian of records shall appear at trial and shall be available for Plaintiff to call.  (The documents may still be objected to on other grounds.)

1

2 **IX.**      **Discovery Documents to be Used at Trial**

3       None.

4 **X.**      **Further Discovery or Motions**

5       None, other than motions in limine.

6 **XI.**      **Stipulations**

7       None.

8 **XII.**      **Amendments/Dismissals**

9       Defendants do not request any amendments but do request dismissal of all Doe Defendants.

10 **XIII.**      **Settlement Negotiations**

11       Plaintiff and Defendants have previously entered into settlement negotiations, including a

12 judicial settlement conference; however, the parties were unable to resolve the case.

13 **XIV.**      **Agreed Statement**

14       None.

15 **XV.**      **Separate Trial of Issues**

16       The amount of any punitive damages, if any, will be bifurcated.

17 **XVI.**      **Impartial Experts – Limitation of Experts**

18       None.

19 **XVII.**      **Attorney's Fees**

20       None.

21 **XVIII.**      **Further Trial Preparation**

22             **A.      Hearing**

23       A trial confirmation hearing and a hearing on any motions in limine is set for March 18,

24 2014, at 8:30 a.m.

25             **B.      Motions In Limine Hearing and Briefing Schedule**

26       Any party may file a motion in limine, which is a procedural mechanism to limit in

27 advance testimony or evidence in a particular area.  *United States v. Heller*, 551 F.3d 1108, 1111

28 (9th Cir. 2009) (quotation marks omitted).  In the case of a jury trial, the Court's ruling gives

1  Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that

2  admissibility is settled before attempted use of the evidence before the jury.  *Id.* at 1111-12

3  (quotation marks omitted).

4          Any motions in limine must be served on the other party, and filed with the Court, by

5  March 3, 2014.  Any motion in limine must clearly identify the nature of the evidence that the

6  moving party seeks to prohibit the other side from offering at trial.

7          Any opposition to a motion in limine must be served on the other party, and filed with the

8  Court, by March 10, 2014.

9          If any party files a motion in limine, the Court will hear and decide such motions on the

10  morning of trial at 8:30 a.m.

11          Whether or not a party files a motion in limine, that party may still object to the

12  introduction of evidence during the trial.

13                  **C.     Duty of Counsel to Pre-Mark Exhibits**

14          The parties are ordered to meet and confer no later than February 28, 2014, for purpose of

15  pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with

16  numbers preceded by the designation JT (e.g., JTX-1, JTX-2).  All of Plaintiff's exhibits shall be

17  pre-marked with numbers (e.g., PX-1, PX-2, etc.).  All of Defendants' exhibits shall be pre-

18  marked with letters (e.g., PX-A, PX-B, etc.).

19          1.      Defendants' counsel shall create four (4) complete, legible sets of exhibits in

20  binders as follows:

21                  (a)     Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff by

22  March 13, 2014, one for use by the Courtroom Clerk and the other for the Court; and

23                  (b)     One set for each counsel's own use.

24                          If the parties desire, they may have a fifth set of binders to be used for the

25  purposes of questioning witnesses.

26          2.      Defendants' counsel and Plaintiff shall meet and confer and make the following

27  determination with respect to each proposed exhibit to be introduced into evidence and

28  Defendants' counsel shall prepare separate indexes - one listing joint exhibits, and one listing each

8

party's separate exhibits as follows:

(a)     Duplicate exhibits (i.e., documents which both sides desire to introduce into evidence) shall be marked as a joint exhibit and numbered as directed above (e.g., JTX-1).  Joint exhibits shall be listed on a separate index and shall be admitted into evidence on the motion of any party without further foundation.

(b)     Exhibits that are not jointly offered and to which there is no objection to introduction shall likewise be appropriately marked (e.g., PX-1 or DX-A) and shall be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c)     Those exhibits to which the only objection is a lack of foundation shall be marked appropriately (e.g., PX-2 - For Identification, or DX-B - For Identification) and shall be indexed in a column entitled "Objection Foundation."

(d)     Remaining exhibits to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately (e.g., PX-3 - For Identification or DX-C - For Identification) and shall be indexed in a third column entitled "Other Objection" on the offering party's index.

3.     Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The Court has no objection to counsel using copies.  However, the copies must be legible.  If any document offered into evidence is partially illegible, the Court may *sua sponte* exclude it from evidence.

**D.     Discovery Documents**

9

1   None were identified.

2         **E.**     **Trial Briefs**

3        The parties are directed to file and serve their trial briefs by March 6, 2014.  Local Rule

4   285.  The parties need not include in the trial brief any issue that is adequately addressed in a

5   motion in limine or in an opposition brief to a motion in limine.  Any response to a trial brief shall

6   be filed and served by March 10, 2014.

7         **F.**     **Voir Dire**

8        The parties shall file and serve proposed voir dire questions, if any, by March 13, 2014.

9        Further, in order to aid the Court in the proper voir dire examination of the prospective

10  jurors, counsel should lodge with the Court on the first morning of trial a list of all prospective

11  witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the

12  lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is

13  familiar with any potential witness.

14        **G.**     **Agreed Summary Of The Case**

15       The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case,

16  briefly outlining the positions of the parties, by March 6, 2014.  The summary will be read to the

17  jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.

18  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by

19  a party as to any contested fact or issue.

20        **H.**     **Proposed Jury Instructions**

21       The parties shall file and serve proposed jury instructions by March 6, 2014.

22       All proposed jury instructions shall be in duplicate.  One set shall indicate the party

23  proposing the instruction, with each instruction numbered or lettered, shall cite supporting

24  authority, and shall include the customary "Given, Given as Modified, or Refused," showing the

25  Court's action with regard to each instruction.  The other set shall be an exact copy of the first set,

26  but shall be a "clean" copy that does not contain the identification of the offering party, instruction

27  number or letter, supporting authority, or reference to the Court's disposition of the proposed

28  instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the parties should be prepared to conduct any hearing on the first day of trial.

## I.      Proposed Verdict Form

The parties shall file and serve a proposed verdict form on March 6, 2014.

## J.      Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by March 13, 2014.  If a written transcript of audible words on the tape is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If Defendants' counsel intends to use a laptop computer for presentation of evidence, he or she shall contact the Courtroom Clerk at least one week prior to trial.  The Courtroom Clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment.  If Defendants' counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

## K.      Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the Court each morning to advise the Court and the opposing side which documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The Court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the Court will rule as requested upon the receipt of such testimony.

The Court will consider any other legal matter at morning conferences as well.  The Court does not generally recess trials to hear legal argument outside of the jury's presence during regular jury sessions.

1

2          **L.      Order Of Witnesses**

3          In order to make the trial operate efficiently and smoothly, counsel have the continuing

4  obligation to advise the opposing side as to which witnesses he or she intends to call at each trial

5  session.

6  **XIX.        Rules of Conduct During Trial**

7          **A.      General Rules**

8  1.      All participants in the trial shall conduct themselves in a civil manner.  There shall be no

9  hostile interchanges between any of the participants.

10  2.      All oral presentations shall be made from the podium, unless otherwise permitted by the

11  Court.

12  3.      Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the

13  presence of the jury should be done during recesses.

14  4.      Counsel shall advise their respective clients and witnesses not to discuss any aspect of the

15  case in the common areas of the courthouse accessible to the jurors, such as the lobby, the

16  elevators, the hallways and the cafeteria.

17          **B.      Jury Selection**

18  1.      The Court will conduct voir dire to be supplemented by any written questions submitted by

19  counsel prior to trial and after the Court has concluded its questioning of the jury panel.  In some

20  circumstances, the Court may allow brief direct questioning by counsel.

21          **C.      Opening Statements**

22  1.      Counsel may use visual aids in presenting the opening statement.  However, any proposed

23  visual aids shall be shown to opposing counsel before opening statement.

24          **D.      Case in Chief**

25  1.      Counsel shall have his or her witnesses readily available to testify so that there are no

26  delays in the presentation of evidence to the trier of fact.

27  2.      At the close of each trial day, counsel shall disclose his or her anticipated witnesses and

28  order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at

1    that time.

2              **E.      Witnesses**

3    1.      Before approaching a witness, counsel shall secure leave of Court to approach the witness.

4    2.      Before approaching a witness with a writing, counsel shall first show the writing to

5    opposing counsel.

6              **F.      Exhibits**

7    1.      All exhibits shall be marked and identified in accordance with the instructions in the

8    pretrial order.

9    2.      An exhibit shall not be published to the jury until it has been admitted into evidence and

10   counsel has secured leave of Court to publish the exhibit.

11   3.      The Court usually will conduct an on the record review of the exhibits that have been

12   admitted in evidence at the conclusion of each party's case in chief and after each party has rested

13   its entire case.

14             **G.      Objections**

15   1.      No speaking objections or arguments are permitted in the presence of the jury.  Counsel

16   shall state the specific legal ground(s) for the objection, and the Court will rule based upon the

17   ground(s) stated.  The Court will permit counsel to argue the matter at the next recess.

18   2.      The Court will not assume that any objection made also implies with it a motion to strike

19   an answer that has been given.  Therefore, counsel who has made an objection and who wishes to

20   also have an answer stricken must specifically move to strike the answer.

21             **H.      Closing Argument**

22   1.      Counsel may use visual aids in presenting the closing argument.  However, any proposed

23   visual aids shall be shown to opposing counsel before closing argument.

24   **XX.         Objections to Pretrial Order**

25          Any party may file and serve written objections to any of the provisions of this order on or

26   before March 6, 2014.  Such objections shall specify the requested modifications, corrections,

27   additions or deletions.

28   **XXI.        Miscellaneous Matters**

1    None.

2                                          ***

3  FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS

4  FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS

5  ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY

6  PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

7

8  IT IS SO ORDERED.

9  Dated:  __March 5, 2014__          _____

                                       SENIOR DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        14