# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID LANDAU, | Case No. 1:07-cv-00815-AWI-DLB PC |
|     Plaintiff, | **RULINGS ON MOTIONS IN LIMINE** |
|   v. | |
| W.T. VOSS, et al., | |
|     Defendants. | |

    Plaintiff Sid Landau ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.   At this time, in the interests of justice, the Court vacates the trial date to allow the parties additional time to meet and confer because of conflicting trials set before the Court.   This action will be added to the Court's list of pending trailing trials, and a new trial date will be set at the Court's availability.

**I.  MOTIONS IN LIMINE**

    On February 20, 2014, Defendants filed motions in limine regarding Plaintiff's evidence at trial. On February 21, 2014 and March 10, 2014, Plaintiff filed motions in limine regarding his underlying convictions and references to him as a sexually violent predator.   The Court makes the following ruling with regard to the pending motions in limine:

**A  Defendants' Motions**

***1.     Defendants' Motion to Exclude Plaintiff from Testifying as an Expert***

Defendants move for an order precluding any medical testimony by lay witnesses, including Plaintiff, relating to the diagnosis, causation, or prognosis of Plaintiffs' alleged injuries that resulted from Defendants' purported actions.   Defendants contend that under Federal Rule of Evidence 602, a non-expert may not testify on such matters.  Therefore, Defendant argue such testimony is inadmissible.

The Court grants Defendants' motion and rules that Plaintiff may not testify as an expert. The Court, however, informs Plaintiff that he may provide his lay opinion and testify about what he physically felt.  See Fed. R. Evid. 701 & 702.

***2.     Defendants' Motion to Exclude Any Evidence of Asperger's Syndrome.***

Defendant objects to Plaintiff introducing evidence of Asperger's Syndrome because it is not relevant and it's admission would be prejudicial to Defendants.   Defendants also argue that Plaintiff is not a medical expert, and any testimony related to the symptoms, and diagnosis of Asperger's Syndrome requires the testimony of an expert in accordance to Federal Rules of Evidence 702.

The Court tentatively grants Defendant's motion, subject to reconsideration regarding relevancy.

***3.     Defendants' Motion to Exclude Any Evidence of Residual Injury or Damages.***

Defendants move for an order precluding Plaintiff from presenting any and all evidence or reference any alleged residual injury or consequential damages.   Defendants contend that Plaintiff must have an expert establish these future damages and Plaintiff has disclosed no witness for this purpose.

The Court grants Defendants' motion as to Plaintiff testifying as an expert.  However, the Court again reminds the parties that Plaintiff may testify as to how he physically felt or continues to feel.  See  Fed. R. Evid. 701 & 702.

***4.     Defendants' Motion to Exclude Any Evidence of Hearsay***

Defendants move for an order precluding Plaintiff from presenting any and all evidence, reference to evidence or any other information, testimony, or argument based on hearsay.

2

Defendants anticipates that Plaintiff may attempt to offer evidence that includes a witness's lack of personal knowledge or hearsay.

The Court grants Defendant's motion. <u>See</u> Fed. R. Evid. 801, 802.  The Court expands this ruling to also preclude Defendants from offering hearsay evidence at trial.

### 5. *Defendants' Motion to Exclude Any Evidence of Character.*

Defendants move this Court to exclude any and all evidence, reference to evidence, testimony, or argument of any other complaints by other civil detainees relating to Defendants' character to prove Defendants' alleged excessive force on December 15, 2006.

The Court grants Defendants' motion in limine and all character evidence will be excluded unless it falls within an exception as set forth in the Federal Rules of Evidence. <u>See</u>  Fed. R. Evid. 404.

### 6. *Defendants' Motion to Exclude Evidence of Previously-Adjudicated claims.*

Defendants object to Plaintiff introducing any evidence during trial relating to the previously adjudicated issues of "failure to protect" and "retaliation".  Defendants contend these issue are moot, irrelevant, and prejudicial.

The Court grants Defendants' motion, and Plaintiff may not mention or discuss dismissed claims or other claims that may have been part of this action at an earlier date.  However, to the extent facts about the unrelated or dismissed claims are also relevant to the pending claims, Plaintiff may mention other events.

### 7. *Defendants' Motion to Require Plaintiff to Conduct Direct Examination by Using Questions Provided to the Court and Defense in Advance*

Defendants are concerned about Plaintiff offering his testimony through a narrative. Defendants claim they will be unable to object to Plaintiff's testimony on such issues as lacking foundation, lacking personal knowledge, hearsay, speculation, and improper opinion until after the jury has already heard the improper information.  Defendants request that the Court direct that, when Plaintiff testifies, he be required to state (or read) his question in open court. This will provide defense counsel with the opportunity to object if the question is inappropriate.

The Court tentatively denies Defendants' motion.  The Court has discretion to control the

mode of the presentation of evidence and the interrogation of a witness. Fed. R. Evid. 611. The Court finds that the procedure suggested by Defendants would be unduly burdensome to Plaintiff, a pro se party.   However, to assist all parties and the Court during Plaintiff's presentation of his own testimony, Plaintiff is DIRECTED to provide the Court with his basic narrative in written form by May 19, 2014.

**B.  Plaintiff's Motions in Limine**

*1.        Plaintiff's Motion to Exclude Evidence Related to His Underlying Conviction*

Plaintiff objects to the introduction of any information identifying Plaintiff as a "sexually violent predator" and any evidence concerning Plaintiff's prior convictions. This motion is made pursuant to the Court's Scheduling Order and Federal Rules of Evidence, Rules 401, 402, and 403. Plaintiff contends that identifying Plaintiff as a "sexually violent predator" or mentioning convictions is irrelevant and the probative value of such evidence is substantially outweighed by the undue prejudice that would result.

The Court grants Plaintiff's motion.   There will be no references made to Plaintiff's classification or prior convictions.   The court reserves the issue of admissibility of any prior criminal convictions for impeachment under Federal Rules of Evidence, Rule 609.

IT IS SO ORDERED.

Dated:   May 2, 2014                            _____
                                                                  SENIOR  DISTRICT  JUDGE